UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

PERCY THOMAS and ADRIENNE      )
THOMAS, as Husband and Wife,   )
                               )
          Plaintiffs           )
                               )
     v.                        )   Case No. 2:07 cv 162
                               )
AMERICAN FAMILY MUTUAL         )
INSURANCE COMPANY,             )
                               )
          Defendant            )

OPINION AND ORDER

This matter is before the court on the Motion for Judgment on the Pleadings filed by the defendant, American Family Mutual Insurance Company, on April 2, 2008, and the Motion to Strike Plaintiffs' Exhibits Designated in Opposition to Defendant American Family's Motion for Judgment on the Pleadings filed by the defendant on May 12, 2008.  For the reasons set forth below, the Motion for Judgment on the Pleadings is converted to a Motion for Summary Judgment and is **GRANTED**.  The Motion to Strike is **DENIED AS MOOT.**

Background

On September 29, 2004, American Family's Claim Call Center received a report that Percy and Adrienne Thomas had sustained a fire loss at their home.  The house and contents, allegedly destroyed by fire, were insured under the terms of the insurance policy number 13-BD4349-01.  American Family secured temporary housing for the Thomases and began assessing their need for

housing repairs and living expenses.  On October 4, 2004, Adrienne Thomas informed American Family that John Conway, a public adjuster from Tri-State Adjusting, was hired to assist with their claim.  The Thomases instructed American Family to deal directly with Conway as their representative.  On October 13, 2004, American Family issued a $6,000.00 advance against the policy's contents coverage.

On January 6, 2005, American Family notified Conway that the Thomases had 60 days to complete and return the Sworn Proof of Loss Form.  The form was returned in early March.  On April 6, 2005, American Family told Conway that the Thomases had to verify the property that they allegedly purchased and added to the home within a year of the fire.  On May 4, 2005, American Family issued a $20,000.00 advance on the Thomases' contents claim and also issued a $35,290.37 building draft for the Thomas' home repairs.  American Family informed Conway that no additional payments would be granted on the contents until the Thomases documented the property they claimed to have acquired within a year of the fire.  American Family noted that, according to the policy, a claim seeking replacement coverage for damaged property must be completed within a year of the loss.

On June 1, 2005, American Family sent Conway a letter requesting the necessary supporting documents in order to determine the actual cash value of contents loss.  The letter also reminded Conway that any claim for replacement cost coverage had to be completed by September 29, 2005.  An additional letter

requesting the same documents and reminding Conway of the September 29, 2005 deadline was sent on July 5, 2005. On July 20, 2005, American Family received a letter from Conway dated July 6, 2005, explaining that the Thomases told him that their attorney substantiated the purchased items through the Thomases' disposable income. However, no supporting documentation was included in this letter.

On July 25, 2005, American Family responded by emphasizing the policy requirement for verification and reiterating the claim completion deadline. On August 2, 2005, American Family reminded Conway that payments for the Thomases' living expenses had ceased and that they were nearing the one year claim deadline. On September 8, 2005, American Family notified Conway that it was closing its file and reminded him of the September 29, 2005 deadline. On September 18, 2005, Conway informed American Family that the Thomases did not have receipts, but he provided a spreadsheet that their accountant prepared showing the refinancing of two buildings totaling $49,212.00. Conway explained that the Thomases spent this income on clothing and personal property.

On September 26, 2005, American Family responded to Conway's September 18 letter, informing him that the spreadsheet was not a valid verification of the contents purchased within a year of the fire. American Family again informed Conway of the September 29, 2005 claim deadline and stated: "The Company is willing to proceed with the investigation on the condition that any such act

or actions taken by it shall not be a waiver of any rights or shall not be an admission of any liability as to any coverage under policy number 13-BD4349-01." The letter closed with a notification:

> American Family Mutual Insurance Company may not be sued unless there is full compliance with all the terms of the policy. Suit must be brought within one year after the loss or damage occurs. As of September 29, 2005, your one year will have expired.

On April 23, 2007, the Thomases filed their Verified Complaint for Damages Under Insurance Contract in the Lake County Superior Court. In that complaint, the Thomases alleged that American Family breached the terms and provisions of insurance policy number 13-BD4349-01. They further alleged that American Family violated federal and state law, specifically the "Civil Rights Act of 1983," 42 U.S.C. §1983, Ind. Code §35-46-2-1 and Ind. Code §22-9-1-2, by discriminating against them on the basis of race. Finally, they alleged that American Family failed to exercise good faith and fair dealing in adjusting their claim. On May 14, 2007, American Family filed its Notice of Removal of Civil Action and removed the case to this court pursuant to the provisions of 28 U.S.C. §1441.

On April 2, 2008, American Family filed its Motion for Judgment on the Pleadings, and on May 12, 2008 it filed a Motion to Strike Plaintiffs' Exhibits Designated in Opposition to Defendant American Family's Motion for Judgment on the Pleadings.

## Discussion

American Family filed a Motion for Judgment on the Pleadings.  However, evidence was entered in support of the arguments.  "If, on a motion under . . . Rule 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Federal Rule of Civil Procedure 12(d).  Thus, the court will consider the Motion for Judgment on the Pleadings as a Motion for Summary Judgment.

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322-23, 91 L.Ed.2d 265, 106 S.Ct. 2548 (1986); ***Williams v. Excel Foundry & Machine, Inc.***, 489 F.3d 309, 310 (7th Cir. 2007); ***Treadwell v. Office of the Illinois Secretary of State***, 455 F.3d 778, 781 (7th Cir. 2006); ***Branham v. Snow***, 392 F.3d 896, 901 (7th Cir. 2004).  The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. ***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); ***Lawrence v. Kenosha County***, 391 F.3d 837, 841 (7th Cir. 2004).  A fact is material if it is outcome determinative under applicable law. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); ***Ballance v. City of Springfield, Illinois Police***

5

*Department*, 424 F.3d 614, 616 (7th Cir. 2005); *Hottenroth v. Village of Slinger*, 388 F.3d 1015, 1027 (7th Cir. 2004); *Palmer v. Marion County*, 327 F.3d 588, 592 (7th Cir. 2003). Even if the facts are not in dispute, summary judgment is inappropriate when the information before the court reveals a good faith dispute as to inferences to be drawn from those facts. *Spiegula v. Hull*, 371 F.3d 928, 935 (7th Cir. 2004); *Hines v. British Steel Corporation*, 907 F.2d 726, 728 (7th Cir. 1990). Finally, summary judgment "will not be defeated simply because motive or intent are involved." *Roger v. Yellow Freight Systems, Inc*., 21 F.3d 146, 148 (7th Cir. 1994). *See also Miller v. Borden, Inc*., 168 F.3d 308, 312 (7th Cir. 1999); *Plair v E.J. Brach & Sons, Inc.*, 105 F.3d 343, 346 (7th Cir. 1997); *United Association of Black Landscapers v. City of Milwaukee*, 916 F.2d 1261, 1268 (7th Cir. 1990).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the

> governing law, there can be but one reasonable conclusion as to the verdict.

> *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

*See also* *Scott v. Harris*, ___ U.S. ___, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007)("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for the purposes of ruling on a motion for summary judgment."); *Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; *Branham*, 392 F.3d at 901; *Lawrence*, 391 F.3d at 841; *Hottenroth*, 388 F.3d at 1027 (stating that a genuine issue is one on which "a reasonable fact finder could find for the nonmoving party"); *Schuster v. Lucent Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003).

It is appropriate for insurance policies to contain suit limitations. *Affiliated FM Insurance Company v. Board of Education of City of Chicago*, 23 F.3d 1261, 1264 (7th Cir. 1994). Provisions limiting the time a suit may be brought to a period less than that fixed by the Indiana statute of limitations are binding, unless the limit contravenes a statute or public policy. *Brunner v. Economy Preferred Insurance Company*, 597 N.E.2d 1317, 1318 (Ind. App. 1992)(*referencing* *Zehner v. MFA Insurance Company*, 451 N.E.2d 65, 67 (Ind. App. 1983)). Furthermore, Indiana law also validates these contractual provisions so long as a reasonable time is afforded. *New Welton Homes v. Eckman*, 830 N.E.2d 32, 35 (Ind. 2005)(*citing* *Summers v. Auto Owners*

*Insurance Company*, 719 N.E.2d 412, 414 (Ind. App. 1999)). It is well settled that 12 months is a reasonable time so long as the insurance company does not cause an unreasonable delay during that period. *See, e.g., Summers*, 719 N.E.2d at 414; *New Welton*, 830 N.E.2d at 35; *Brunner*, 597 N.E.2d at 1318; *Affiliated*, 23 F.3d at 1264; *Wilkinson v. Economy Premier Assurance Company*, No. 3:03 CV 193, 2005 WL 3179764, *2 (N.D. Ind. November 28, 2005).

Without such limitations, insurance companies would demand higher premiums and compensate with other conditions in the policy. *Affiliated*, 23 F.3d at 1264. Furthermore, "[i]t is clearly for the interest of insurance companies that the extent of losses sustained by them should be speedily ascertained, and it is equally for the interest of the assured that the loss should be speedily adjusted and paid." *Riddlesbarger v. Hartford Insurance Company*, 74 U.S. 386, 390, 19 L.Ed. 257 (1868).

However, the provision must be clear and unambiguous. *Wilkinson*, 2005 WL 3179764 at *3. Waiver can occur where "[t]he conduct or acts on the part of the insurer or its authorized agents . . . [are] sufficient to justify a reasonable belief on the part of the insured that the company will not insist on a compliance with the policy provisions." *Huff v. Travelers Indemnity Company*, 363 N.E.2d 985, 991 (Ind. 1977)(*quoting Continental Insurance Company v. Thornburg*, 219 N.E.2d 450 (Ind. App. 1967)). An insurer will not be allowed to "lull an insured into not pressing his rights and then deny liability on the basis of the limitation period." *Summers*, 719 N.E.2d at 415 (*quoting*

8

*Wingenroth v. American States Insurance Company*, 455 N.E.2d 968, 970 (Ind. App. 1983)). However, settlement negotiations do not suspend the running of a limitation period. *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 875 (7th Cir. 1997). If a party wants a suspension of the limitations period during the negotiations, he must ask for a tolling agreement. *Blue Cross*, 112 F.3d at 875.

The Thomases do not suggest that the contractually one-year period was unlawful, against public policy, or unreasonable in any manner. They acknowledge that they agreed to the policy provisions including the one year time frame to bring suit. Moreover, the language used by American Family parallels that used in *Wilkinson* where the court unequivocally determined that the language was clear and unambiguous. Thus, the Thomases' only hope for avoiding summary judgment is a waiver argument.

The Thomases have alleged that American Family continued negotiating the claim beyond the one year limitation period despite the assertion made by American Family that it would not and did not waive its rights under the policy, including the one year limitation period. According to the Thomases, the continued negotiations lulled them into not pressing their rights under a presumption that the limitation had been waived. This argument ignores the clear and unambiguous language of the policy and the letters sent by American Family to the Thomases. Their breach of contract claim cannot survive a motion for summary judgment. In light of the repeated references made by American Family to

9

the looming deadline for the Thomases to file suit, no reasonable jury could find that American Family lulled the Thomases into permitting the expiration. *Scott*, \_\_\_ U.S. \_\_\_, 127 S.Ct. at 1776.

American Family next argues that the Thomases failed to meet the requirements necessary to support a discrimination claim under Indiana Code §22-9-1-2. The Indiana Civil Rights Law (ICRL) establishes an administrative process through which claims of discrimination are considered by the Indiana Civil Rights Commission (ICRC). I.C. §§22-9-1-6, 22-9-1-11. "The administrative process of the ICRL can be bypassed, but only in one narrow circumstance: if both the party making the complaint and the party responding to it agree in writing to have the matter decided in a court of law." *Vanderploeg v. Franklin Fire Department*, No. IP99-0856-C-T/G, 2000 WL 428646, *2 (S.D. Ind. April 5, 2000)(*citing* I.C. §22-9-1-16). *See also* *M.C. Welding and Machining Co., Inc. v. Kotwa*, 845 N.E.2d 188, 192 (Ind. App. 2006); *Montgomery v. Board of Trustees of Purdue University*, 849 N.E.2d 1120, 1130 (Ind. 2006).

The record clearly shows that the parties did not proceed through the administrative process outlined within the Indiana Code. It also is clear that the parties did not mutually agree through written consent to have this issue decided in a court of law. Consequently, the Thomases cannot bring a cause of action against American Family pursuant to Indiana Code §22-9-1-2. Further, the Thomases' argument that the statute's exhaustion

requirement is not supported by the case law cited by American Family ignores the plain language of the statute.

The Thomases also allege discrimination claims under the Civil Rights Act of 1983, 42 U.S.C. §1983 and Indiana Code §35-46-2-1. However, they failed to contest American Family's argument in support of its motion in regards to these issues. Thus, the Thomases have conceded these claims because a party's failure to respond to an opposing party's argument implies concession. *See* ***Duthie v. Matria Healthcare, Inc.***, 535 F.Supp.2d 909, 916 (N.D. Ill. 2008)(*citing* ***Keri v. Board of Trustees of Purdue University***, 458 F.3d 620, 643, n.7 (7th Cir. 2006); ***Groves v. Milwaukee County Jail***, 2008 WL 515006, *10 (E.D. Wis. February 25, 2008). Accordingly, defendant's Motion for Summary Judgment is **GRANTED**.

In light of the court's decision to address the defendant's motion pursuant to Rule 56, the Motion to Strike Plaintiffs' Exhibits Designated in Opposition to Defendant American Family's Motion for Judgment on the Pleadings is **DENIED AS MOOT**.

_____

For the foregoing reasons, the Motion for Judgment on the Pleadings filed by the defendant, American Family Mutual Insurance Company, on April 2, 2008, has been converted to a Motion for Summary Judgment and is **GRANTED**. The Motion to Strike Plaintiffs' Exhibits Designated in Opposition to Defendant

American Family's Motion for Judgment on the Pleadings filed by the defendant on May 12, 2008, is **DENIED AS MOOT**.

ENTERED this 13th day of November, 2008

                              s/ ANDREW P. RODOVICH
                              United States Magistrate Judge